IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE,<br><br>　　　Plaintiff,<br><br>vs.<br><br>NICOLAS OROZCO and EVA GONZALEZ,<br><br>　　　Defendant, | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17CV00969DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff American Family's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A hearing on the motion was held on February 8, 2018. At the hearing, Plaintiff was represented by Bryan J. Stoddard, and Defendants were represented by Darren A. Davis. The court took the matter under advisement. The court has carefully considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

In 2013 Defendants Nicolas Orozco and Eva Gonzalez were in an accident and sought uninsured motorist benefits from Plaintiff American Family. American Family filed the instant action in this court, seeking declaratory judgment that Defendants' claims are barred by the relevant statute of limitations. Defendants responded by filing the present motion to dismiss for lack of subject matter jurisdiction.

**DISCUSSION**

Defendants seek to dismiss American Family's claim pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants concede complete diversity but deny that the amount in controversy exceeds $75,000. The court presumes that a plaintiff's amount in controversy controls subject matter jurisdiction. *Adams v. Reliance Standard Life Ins. Co*, 225 F.3d 1179, 1183 (10th Cir. 2000). And the party asserting jurisdiction bears the burden of proving subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party meets this burden by alleging sufficient facts to convince the court that each party's recoverable damages bear a reasonable relation to the minimum jurisdictional floor. *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973).

American Family asserts that the amount in controversy exceeds the $75,000 jurisdictional threshold because in cases seeking declaratory relief, the amount in controversy is the value of litigation to the parties. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). In this case, the value of litigation for American Family is the $100,000 policy limit on each of Defendants' respective policies. Under Tenth Circuit law, the amount in controversy is measured by "the maximum limit of the insurer's liability under the policy." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) (finding maximum policy limits to be amount in controversy where bona fide claim exceeds policy limits); *see also Terra Nova Ins., Ltd. v. Fort Bridger Historical Rendezvous Site, Corp.*, 2005 WL 2671947, **2 (10th Cir. 2005) (finding amount in controversy to be equal to maximum policy limits).

Defendants contend that the amount in controversy should be tied to the amount Defendants may recover. Under Tenth Circuit law, this court's jurisdictional determination turns on which damages are legally certain. *See Lovell*, 466 F.3d at 897. Generally, dismissal for lack

of legal certainty only occurs if (1) a contract limits any possible recovery, (2) the law limits the amount recoverable, or (3) there is an obvious abuse of federal court jurisdiction. *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 242 F.3d 1213, 1216–17 (10th Cir. 2003).

In this case, it is a legal certainty that the insurance contract limits any possible recovery to $100,000 for each Defendant. Although Defendants' claims alleged specific damages in the amount of $20,344.62 and $13,847.86 respectively, well below the $75,000 threshold, Defendants do not specifically state the amount they seek in general damages. In order to meet the amount in controversy, therefore, a 4:1 or 5:1 general to specific damages ratio would be required. Defendants claim that, absent aggravated liability or catastrophic injury, this would be a rare occurrence. But even if the necessary ratios are improbable, they are nonetheless possible. Damages are like a box of chocolates; you never know what you are going to get. In the realm of legal certainty, mere possibilities are fatal: "[i]ndeterminacy of the amount to be recovered is therefore not sufficient to defeat diversity jurisdiction." *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3rd Cir. 1995).

Perhaps anticipating this problem, Defendants offered an affidavit containing their and their counsel's opinion that full compensation for their injuries would require less than $75,000. But were this case to proceed to trial, there is only one opinion that would matter—the fact-finder's. If the fact-finder determined that Defendants' damages merited more than $75,000, Defendants would not object. Defendants did not stipulate to damages in an amount less than $75,000, and this court's jurisdictional analysis requires something more firm than a mere opinion. The standard is "legal certainty" not "legal probability."

The court concludes that Defendants' insurance policy limit is the only legal certainty regarding the amount in controversy. The court, therefore, has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

## CONCLUSION

Based on the above reasoning, Defendants' Motion to Dismiss is DENIED.

DATED this 1st day of March, 2018.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge